

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

SONTINA INFANTINO and SHEILA )
PETERS, on behalf of themselves and )
other Plaintiffs similarly situated, )
                                )
          Plaintiffs, )
                                )
v.                            )    No. 04 C 5665
                                )
MARTAM CONSTRUCTION, INC., )
ROBERT KUTROVACZ, individually, )
and TAMAS KUTROVACZ, individually, )
                                )
          Defendants. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants Martam Construction, Inc.'s ("Martam"), Robert Kutrovatz's ("Robert"), and Tamas Kutrovacz's ("Tamas") partial motion to dismiss Count I to the extent that it requests injunctive relief, Count II based on preemption and to the extent that it requests punitive damages. For the reasons stated below, we grant in part and deny in part the partial motion to dismiss.

## BACKGROUND

Martam is a construction company that provides services such as road work and sewer and water repair work. Plaintiff Sontina Infantino ("Infantino") began working for Martam in 1999 and Plaintiff Shelia Peters ("Peters") began working for Martam in 2003. Plaintiffs claim that while they were employed by Martam they

1

were given less desirable positions, such as flaggers for stopping cars, while more desirable positions were offered to less senior and less qualified male co-workers. Plaintiffs also allege that male co-workers were allowed to work overtime while Plaintiffs were sent home. It is Plaintiffs' contention that the alleged refusal to allow them overtime was because of their gender and in support of that assertion Plaintiffs claim that management made comments to them such as: "the girls can't get overtime." (Compl. Par. 18). Plaintiffs also allege they were laid off by Martam in the past before less qualified male co-workers were laid off and that less qualified males were recalled or rehired before Plaintiffs were recalled.

According to Plaintiffs, Martam officers, managers, supervisors, and employees solicited Plaintiffs to serve as prostitutes, groped Plaintiffs on the buttocks, and made comments to Plaintiffs which included language of a sexual nature. Plaintiffs claim that they complained to persons at Martam about the alleged sexual harassment. Finally, Plaintiffs claim that they were laid off on August 17, 2004 in retaliation for their complaints regarding the retention of their wages.

Plaintiffs also allege that, while they were working as flaggers, they were not allowed to leave the work area to use the bathrooms. Plaintiffs claim that when allowed bathroom breaks, they were forced to urinate and defecate in the back of a dump truck. Plaintiffs claim that in order to get into the back of the trucks, they had to climb over the side of the trucks in front of their co-workers. Plaintiffs claim that they were not given any toilet paper or cleaning materials and also claim that the dump truck was not cleaned after they had urinated or defecated and thus they were forced to work near their own waste. Plaintiffs also contend that while they were in

the back of the dump trucks, Defendants' employees would throw rocks at and into the dump truck, laugh mockingly, and yell derogatory comments. Also, Plaintiffs allege that because they were not allowed to use bathrooms, they were forced to attend to their hygenic needs in public. (Compl. Par. 31).

On August 27, 2004, Plaintiffs filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging sexual discrimination and retaliation. Plaintiffs then filed the present action and included in their first amended complaint against Defendants a sexual harassment and retaliation claim based upon Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") (Count I), an intentional infliction of emotional distress claim based upon Illinois common law ("IIED") (Count II), a claim for violating the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") (Count III), a claim for willfully violating the FLSA (Count IV), a liquidated damages claim, 29 U.S.C. § 260 (Count V), a supplemental state court claim based on Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") (Count VI), and a claim based on Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.* ("IWPCA") (Count VII).

## LEGAL STANDARD

In ruling on a motion to dismiss, the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation,* 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein,* 939 F.2d 463, 466 (7th Cir. 1991). The

allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L.Ed.2d 80, 78 S.Ct. 99 (1957); *see also Baker v. Kingsley*, 387 F.3d 649, 664 (7th Cir. 2004)(stating that although the "plaintiffs' allegations provide[d] little detail...[the court could not] say at [that] early stage in the litigation that plaintiffs [could] prove no set of facts in support of their claim that would entitle them to relief."). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 116, 1168 (7th Cir. 1992). Under current notice pleading standard in federal courts, a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action.'" *See Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that "at this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "matching facts against legal elements comes later."). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim,"*Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusion to narrated facts which fail to outline the bases of [his] claim. *Perkins*, 939 F.2d at 466-67. The Seventh Circuit has explained that "one pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251.

4

## DISCUSSION

### I. Intentional Infliction of Emotional Distress Claim (Count II)

Defendants move to dismiss the IIED claim (Count II) on the basis that the IIED claim is preempted by the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1 *et seq.* and that the IIED claim omits allegations that were included in Plaintiffs' Equal Employment Opportunity Commission ("EEOC") charge. The IHRA states that "[e]xcept as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." 775 ILCS 5/8-111(C). The IHRA prohibits discrimination against a person "because of his or her race, color, religion, sex, national origin, ancestry, age, marital status, physical or mental handicap, military status, or unfavorable discharge from military service in connection with employment, real estate transactions, access to financial credit, and the availability of public accommodations." 775 ILCS 5/1-102(A). The IHRA preempts Illinois "tort claims that are 'inextricably linked' to allegations of sexual harassment and requires that such claims be brought only before the Illinois Human Rights Commission. . . ." *Quantock v. Shared Marketing Servs., Inc.*, 312 F.3d 899, 905 (7th Cir. 2002). If a course of conduct "would be actionable even aside from its character as a civil rights violation because the IHRA did not 'furnish the legal duty that the defendant was alleged to have breached,' the IHRA does not preempt a state law claim seeking recovery for it." *Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000)(quoting *Maksimovic*, 687 N.E.2d at 23).

Defendants argue that Plaintiffs' IIED claim is "inextricably linked" to the sexual harassment claim in the instant action. The Seventh Circuit has made it clear that the IHRA can operate to preempt an IIED claim "that depend[s] on allegations of sexual harassment." *Quantock*, 312 F.3d at 905(noting that the plaintiff's "claim of intentional infliction of emotional distress [w]as supported by factual allegations identical to those set forth in her Title VII sexual harassment claim." ).*See also Morris v. Swank*, 2004 WL 1918895, at *2 (N.D. Ill. 2004)(stating that the plaintiff "merely realleged the facts stated in their Title VII claims as the basis for her claim of IIED and has presented no new facts other than conclusory allegation that plead the elements of IIED under Illinois law."). However, in the instant action, Plaintiffs' IIED claim does not depend upon the same factual allegations contained in their Title VII sexual harassment claim. For instance, Plaintiffs allege that they were not allowed to use the bathroom during work hours. Plaintiffs claim that they were forced to climb over the sides of dump trucks to urinate and defecate without toliet paper. Plaintiffs claim that while they went to the bathroom, co-workers would yell derogatory comments and throw rocks into the back of the truck. Plaintiffs also claim that they were forced to attend to their hygenic needs in public because they could not use bathrooms. Such allegations are wholly independent of any sexual harassment claim in the instant action and may independently support the IIED claim. *See Porter v. Int'l Profit Assoc., Inc.*, 2003 WL 22956004, at *2 (N.D. Ill. 2003)(stating the plaintiff's allegations of offensive touching and inappropriate comments by her supervisors were "sufficient facts to establish a claim for IIED

independent of the legal duties furnished by the IHRA.");*Bruce v. South Stickney Sanitary Dist.*, 2001 WL 789225, at *4 (N.D. Ill. 2001)(stating that the plaintiff's allegations of her co-worker's offensive touching and hiding in the women's restroom while she was present "could support a claim of intentional infliction of emotional distress without relying on civil rights law.").

Defendants also argue that there are allegations that were included within Plaintiffs' EEOC charges that Defendants contend were omitted from the complaint in order to avoid IHRA preemption. Defendants point to the EEOC charges which indicate that Plaintiffs were "not allowed to have bathroom breaks" and were "told to urinate or defecate in the back of the dump truck." (Charges Par. 5(c)). Such allegations are included as subparts under an allegation that there was discrimination based upon Plaintiffs' gender. The allegations regarding the lack of bathroom breaks is not a claim that is inextricably linked to a gender discrimination claim or a sexual harassment claim. The claim of being forced to go to the bathroom in the back of a dump truck is not gender specific. Also, the allegations in the complaint include additional facts that do not necessarily implicate sexual harassment or gender discrimination. For example, Plaintiffs allege that they were forced to climb over the sides of the trucks in front of co-workers and that co-workers yelled and threw stones. In addition, Plaintiffs allege that they were forced to attend to female hygenic needs in public. The conduct alleged by Plaintiffs clearly "would be actionable even aside from its character as a civil rights violation. . . ." *Krocka*, 203 F.3d at 516. Thus, Plaintiffs' EEOC charges do not show that IHRA preemption is

warranted either. Therefore, we deny Defendants' motion to dismiss the IIED claim (Count II).

## II. Injunctive Relief in Title VII Claim (Count I)

Defendants argue that Plaintiffs are not entitled to injunctive relief on the Title VII claim (Count I) because Plaintiffs do not have standing and Plaintiffs have an adequate remedy at law available to them.

### A. Standing to Seek Injunctive Relief Under Title VII

Defendants argue that Plaintiffs do not have standing to seek injunctive relief under Title VII because Plaintiffs are former employees of Martam and will not be affected by Defendants' conduct in the future. When deciding whether injunctive relief is a proper remedy, the court must consider if the defendant's "discriminatory conduct could possibly persist in the future." *Miles v. Indiana*, 387 F.3d 591, 598 (7th Cir. 2004). Plaintiffs allege in their pleadings that they are currently laid off and there are no allegations that they have been permanently fired. (A. Compl. Par. 8, 16, 17, 21, 22). Plaintiffs also allege that in the past they were laid off then rehired. (A. Compl. Par. 17). Defendants have admitted in their answer to the amended complaint that Plaintiffs were only laid off temporarily. (D Ans. Par. 8, 17). Plaintiffs point to the fact that they are only temporarily laid off and Defendants do not contest that point in their reply. We shall not allow any shifting of positions by Plaintiffs on this issue. Plaintiffs have represented to the court that it is their

understanding that they were only temporarily laid off and Plaintiffs will not be permitted in the later stages of these proceedings to alter that position by contneding that they were permanently fired.

The status of being "laid off" does not preclude Plaintiffs from bringing a motion for injunctive relief. In *Gaddy v. Abex Corp.*, 884 F.2d 312 (7th Cir. 1989), a laid off union laborer sought damages against her employer for sexual discrimination. *Id.* at 314. The Court in *Gaddy* stated that for a Title VII claim a form of relief could be "[r]einstatement with the defendant employer" unless there are "exceptional circumstances demonstrating that the position is no longer available or where a continued reduction in forces occurs." *Id.* at 319. Although, the Court in *Gaddy* reversed the district court's decision to grant the injunction because the scope of the injunction was too broad, the Court stated that it would be proper for the district court to issue an injunction that addressed future discrimination after the plaintiffs' reinstatement. *Id.* at 318. Likewise, in the instant action Plaintiffs were laid off and are alleging discrimination by their employer. Thus, should resinstatement be deemed an appropriate remedy in this action if Defendants are found to be liable, injunctive relief could be appropriate. At this stage in the litigation, Plaintiffs have stated the operative facts that support their claim for relief, and it is possible that Plaintiffs could be reinstated and subjected to the same treatment they alleged in their complaint. Therefore, Plaintiffs have standing to seek injunctive relief under Count I.

## B. Adequate Remedy at Law and Irreparable Injury Under Title VII

Defendants also argue that Plaintiffs are not entitled to injunctive relief under Count I because they have an adequate remedy at law. Furthermore, Defendants argue that Plaintiffs will not suffer irreparable harm absent the injunctive relief. Defendants base their argument on cases that address these standards based on a preliminary injunction. *See Washington v. Walker*, 529 F.2d 1062, 1065 (7th Cir. 1975)(addressing request for preliminary injunction until the case "was decided on the merits."); *Leen v. Carr*, 945 F.Supp. 1151, 1157 (N.D. Ill. 1996)(stating that for a preliminary injunction, the movant must establish "(1) that the case has some likelihood of success on the merits, (2) that no adequate remedy at law exists; and (3) that the movant will suffer irreparable harm" if the preliminary injunction is denied.). A preliminary injunction only provides injunctive relief during the pendency of the proceedings. However, the permanent injunctive relief ultimately sought by Plaintiffs in Count I is another matter entirely. Thus, the cases that Defendants cite regarding preliminary injunctions are not applicable in regards to whether Plaintiffs are entitled to permanent injunctive relief. Title VII provides that a plaintiff may obtain injunctive relief if the court finds that there are unlawful employment practices. 42 U.S.C. § 2000e-5. Therefore, we deny Defendants' motion to dismiss Plaintiffs' request for injunctive relief in the Title VII claim (Count I).

III. Punitive Damages on IIED Claim (Count II)

Defendants argue that Plaintiffs improperly seek punitive damages on the IIED claim (Count II). Plaintiffs state in their answer to the instant motion that "they [did] not object to the dismissal of the punitive damage allegations in Count II's prayer for relief." (Ans. Par. 8). Therefore, we grant Defendants' motion to dismiss the IIED claim (Count II) to the extent that it requests punitive damages. *See Knierim v. Izzo*, 174 N.E.2d 157, 165 (Ill. 1961)(stating that for an IIED claim "punitive damages cannot be sanctioned as an additional recovery in such an action. . . [and that] [s]ince the outrageous quality of the defendant's conduct forms the basis of the action, the rendition of compensatory damages will be sufficiently punitive.).

## CONCLUSION

Based on the foregoing analysis, we deny Defendants' partial motion to dismiss the Title VII claim (Count I) to the extent that it requests injunctive relief. We deny Defendants' partial motion to dismiss the IIED claim (Count II) based upon IHRA preemption and we grant Defendants' motion to dismiss the IIED claim (Count II) to the extent that it requests punitive damages.

*Samuel Der-Yeghiayan*
Samuel Der-Yeghiayan
United States District Court Judge

Dated: April 5, 2005