IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SONTINA INFANTINO and SHEILA PETERS, on behalf of themselves and other Plaintiffs similarly situated, | )<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) No. 04 C 5665 |
| MARTAM CONSTRUCTION, INC., ROBERT KUTROVACZ, individually, and TAMAS KUTROVACZ, individually, | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff's motion to begin notice to members of the plaintiff class. For the reasons stated below, we deny the motion.

## DISCUSSION

Plaintiffs seek to bring a collective action under 29 U.S.C. § 216(b) ("Section 216(b)"). Section 216(b) provides that "[a]n action to recover the liability prescribed in [Section 216(b)] . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees *similarly situated*." 29 U.S.C. § 216(b)(emphasis added). A party cannot be made a part of a Section 216(b) collective action "unless he gives his consent in

1

writing to become such a party and such consent is filed in the court in which such action is brought." *Id.* In order to determine whether or not other employees are "similarly situated" the court must engage in a two step analysis. *Flores v. Lifeway Foods, Inc.*, 289 F.Supp.2d 1042, 1045 (N.D. Ill. 2003). The court must first determine whether the plaintiff has made a "modest factual showing sufficient to demonstrate that [the plaintiff] and potential plaintiffs together were victims of a common policy or plan that violated the law." *Id.* (quoting *Taillon v. Kohler Rental Power, Inc.*, 2003 WL 2006593, at *1 (N.D. Ill. 2003)). If the plaintiff makes such a showing "a court may, in its discretion, order that notice be provided to putative collective action plaintiffs" and after discovery is completed, the court should again address the similarly situated employee issue to determine if the class should be limited. *Id.*

In the instant action, Plaintiffs were employees of Defendant Martam Construction, Inc. ("Martam"). Plaintiffs allege that they performed work before they clocked in for their shifts and continued to work after they clocked out of their shifts and that Plaintiffs were not compensated for the overtime. Plaintiffs also claim that Defendants altered the hourly work records of Plaintiffs in order to avoid compensating Plaintiffs for all of the work they performed. Plaintiffs claim that other employees were also treated similarly by Defendants. However, Plaintiffs have failed to make even the modest factual showing required under step one of the similarly situated analysis. Specifically, Plaintiffs have not shown that other employees were similarly treated by Defendants. Plaintiffs provide affidavits indicating that Plaintiffs saw other employees working before or after their shifts or

during lunch hours. Plaintiffs have not shown that those other employees were not paid for any of the alleged work referred to by Plaintiffs in their affidavits. Plaintiffs' mere belief and speculation that the other employees were not compensated is not sufficient to show that the other employees were not compensated.

Plaintiffs have also filed an affidavit of Brien Steinhofer ("Steinhofer") who worked for Martam. Steinhofer worked at Martam until June of 2002, which was more than two years before the instant action was filed. Thus, Steinhofer's statement is non indicative of the employment practices at Martam during the pertinent time period. Also, even if we were to consider Steinhofer's allegations, it is only one additional employee indicating that such alleged practices occurred and does not show that there is an entire class of potential plaintiffs that suffered such alleged practices. Accordingly, Plaintiffs have failed to show that there are similarly situated employees of Martam that should be allowed to join in the instant action and therefore, we deny Plaintiffs' motion to begin notice to members of the plaintiff class.

## CONCLUSION

Based on the foregoing analysis, we deny Plaintiffs' motion to begin notice to members of the plaintiff class.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: July 18, 2005